UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| IN RE: | Chapter: 13 |
|---|---|
| David A. Morris<br><br>Debtor. | Case No.: 2-17-21113-PRW<br><br>NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AS TO THE MORTGAGE ON 61 DELMAR ST, ROCHESTER, NY 14606 |

Please take notice, that upon the annexed application of Ditech Financial LLC ("Movant"), Secured Creditor, by its attorneys, Fein, Such & Crane, LLP, the undersigned will move before the Honorable Paul R. Warren, United States Bankruptcy Judge, at the United States Bankruptcy Court, 100 State Street, Rochester, New York 14614, on March 22, 2018 at 10:00 in the forenoon, or as soon thereafter as counsel can be heard, for an Order granting Movant relief from the stay; pursuant to Federal Bankruptcy Rule of Procedure Rule 4001 and 11 U.S.C. § 362(d)(1); and further relief as to the Court seems just and proper.

**PURSUANT TO FRBP 9014 AND THE STANDING ORDERS IMPLEMENTING DEFAULT PROCEDURES IN ROCHESTER AND WATKINS GLEN; IF YOU INTEND TO OPPOSE THE MOTION, AT A MINIMUM YOU MUST SERVE:(1) THE MOVANT AND THE MOVANT'S COUNSEL, AND (2) IF NOT THE MOVING PARTY (A) THE DEBTOR AND DEBTOR'S COUNSEL; (B) IN A CHAPTER 11 CASE, THE CREDITORS COMMITTEE AND ITS ATTORNEY, OR IF THERE IS NO COMMITTEE THE 20 LARGEST CREDITORS; AND (C) ANY TRUSTEE. IN ADDITION, YOU MUST FILE WITH THE CLERK OF THE BANKRUPTCY COURT WRITTEN OPPOSITION TO THE MOTION NO LATER THAN THREE (3) BUSINESS DAYS PRIOR TO THE RETURN DATE OF THE MOTION NOTWITHSTANDING THE DECEMBER 1, 2009 AMENDMENTS TO**

FRBP 9006(a). IN THE EVENT THAT NO WRITTEN OPPOSITION IS SERVED AND FILED, NO HEARING ON THE MOTION WILL BE HELD ON THE RETURN DATE AND THE COURT WILL CONSIDER THE MOTION AS UNOPPOSED.

Dated: March 5, 2018

FEIN, SUCH & CRANE, LLP
Attorneys for Movant

By: _____
Mark K. Broyles, Esq.
(MB-5007)
28 East Main Street, Suite 1800
Rochester, NY 14614
585-232-7400

TO: Peter D. Grubea
David A. Morris
George M. Reiber
U. S. Trustee

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW-YORK

| IN RE: | Chapter: 13 |
|---|---|
| David A. Morris | Case No.: 2-17-21113-PRW |
| Debtor. | AFFIRMATION IN SUPPORT OF APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) |

TO THE HONORABLE PAUL R. WARREN,
U.S. BANKRUPTCY JUDGE:

## APPLICATION

I, <u>Mark K. Broyles, Esq.</u>, am a partner associated with the law office of Fein, Such & Crane, LLP, Attorneys for Ditech Financial LLC ("Movant"). As such, based on the information provided by Movant on the circumstances contained herein, I affirm the following under penalty of perjury:

1. I make this affirmation pursuant to Federal Bankruptcy Rule of Procedure Rule 4001 and 11 U.S.C. § 362(d)(1) in support of this application seeking the entry of an order modifying and terminating the automatic stay (the "Motion").

## BACKGROUND

2. Movant is a banking corporation with an office for the transaction of business at Ditech Financial LLC, 1400 Turbine Dr., Suite 200, Rapid City, SD 57709.

3. David A. Morris ("Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 17, 2017 (the "Filing Date") and an Order for Relief was entered thereupon.

4. Movant holds a claim secured by a security interest in certain property now or

formerly owned by the Debtor and located at 61 Delmar Street, Rochester, NY 14606 (the "Property").

5. On or about May 7, 2008, the Debtor, for value received, executed and delivered to the predecessor in interest of Movant a promissory note (the "Note") in which Debtor agreed to repay the sum of $13,900.00 to Bank of America, N.A. Movant is the current holder of the Note. A copy of the indorsed Note as executed is annexed hereto as Exhibit "A".

6. On or about May 7, 2008, as security for the repayment of the amount stated in the Note, the Debtor, executed and delivered to the predecessor in interest of Movant a mortgage relative to the Property (the "Mortgage") to Bank of America, N.A. The Mortgage was intended to secure the indebtedness to Movant under the Note in the aforesaid amount. The Mortgage was recorded in the Monroe County Clerk's Office. A copy of the Mortgage, as executed and recorded and proof of perfection, is annexed hereto as Exhibit "B".

7. The Mortgage was then assigned to Green Tree Servicing LLC by virtue of an Assignment of Mortgage. A copy of the Assignment of Mortgage, as executed and recorded, is annexed hereto as Exhibit "C".

8. On August 31, 2015, Green Tree Servicing LLC merged into Ditech Financial Corp and amended its name to Ditech Financial LLC. A copy of the Certificate of Merger is annexed hereto as Exhibit "D". Documentation provided is in support of the right to seek a lift of stay and foreclose if necessary. Ditech Financial LLC is servicing this loan.

9. The Mortgage constitutes a lien on the Property.

10. Movant, as the holder of the Mortgage and a Secured Creditor in the above named case according to the laws of the State of New York and the terms and conditions of the Mortgage, desires to commence and/or continue to foreclose the Mortgage in the Supreme Court

of the State of New York.

11. By reason of the Debtor having filed a petition under Chapter 13 of the Bankruptcy Code with the Court on October 17, 2017, Movant is stayed from proceeding with its foreclosure action.

12. The Debtor defaulted on post-petition Mortgage payment which to comply with the terms of the Note and Mortgage, to wit: the post-petition mortgage payments are past due and owing for the months of November 2017 through and including January 2018 with each payment in the amount of $302.05 per month; for a total amount of $906.15, as of January 17, 2018. The February 2018 post-petition Mortgage payment is coming due which will increase the post-petition default.

13. The unpaid principal balance of this loan, as of January 17, 2018, was $12,346.78 with accrued interest in the amount of $1,425.53, for a total due of $13,772.31. The sums set forth do not include any late charges, escrow advances, attorney's fees, costs, or other fees and charges that might otherwise be included in the event a pay-off is requested or provided.

14. Schedule "A" of Debtors' Petition states that the Property has an assessed fair market value of $26,600.00. A copy of Schedule "A" is annexed hereto as Exhibit "E".

## BASIS FOR RELIEF FROM THE STAY

15. Bankruptcy Code Section 362(d) provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property

> under subsection (a) of this section, if--
> (A) the debtor(s) does not have any equity in such property; and
> (B) *such property is not necessary to an effective reorganization; or*...(emphasis added).

16. It is respectfully submitted that cause exists, including lack of adequate protection, for relief from the stay under 11 U.S.C. § 362(d)(1).

17. 11 U.S.C. § 362(d)(1) provides that the Court shall grant relief from the automatic stay "for cause, including lack of adequate protection of an interest in property..." Once cause exists it is the Debtor's burden to show that Movant's interest in the Property is adequately protected.

18. Upon information and belief, Movant's claim is secured only by a security interest in the Property. Furthermore, due the Debtor failing to make regular monthly post-petition Mortgage payments the total debt is increasing against a potentially depreciating asset. Accordingly, the Debtor failing to timely make payments to Movant constitutes cause.

19. For the foregoing reasons, it is respectfully submitted that the relief requested herein is appropriate and warranted.

20. The Mortgage held by the Movant provides that the Debtor shall pay to Movant all funds expended by Movant due to the fault of the borrower, including reasonable attorney's fees. The Movant respectfully requests that the proposed Order grant Movant reasonable attorney's fees in the sum of $350.00 plus the $181.00 filing fee for a total of $531.00 to be paid out of any surplus proceeds from the sale of the Property.

21. In the event relief is granted, the Trustee's rights to surplus monies arising from the sale of the property, if any, are preserved. Secured Creditor agrees to immediately provide an

accounting to the trustee of any surplus monies realized from the sale.

WHEREFORE, your Affirmant prays for the entry of an Order granting relief from the stay and such other and further relief as to the Court may seem just and proper.

Dated: March 5, 2018

FEIN, SUCH & CRANE, LLP
Attorneys for Movant

By: _____
Mark K. Broyles, Esq.
(MB-5007)
28 East Main Street, Suite 1800
Rochester, NY 14614
585-232-7400